EZEKIEL WATSON, APPELLANT, vs. JEREMIAH SAVELL, AP-
PELLEE.

Where the record fails to show that a final judgment had been entered in the Court below, the appeal will be dismissed.

This case was decided at Tallahassee.

DuPONT, C. J., delivered the opinion of the Court.

This was an action on the case brought in the Circuit Court of Santa Rosa county by the appellee against the appellant, to recover damages for the failure of a warranty on the sale of a negro slave. The record shows that the cause was submitted to a jury upon the pleadings and evidence, and that a verdict was rendered for the plaintiff below for one hundred and fifty dollars; but it does not show that any judgment was ever entered up on the verdict. At the last term of this Court a certiorari was granted to the appellant, upon motion suggesting a dimunition of the record, to bring up the judgment, and the case was finally continued to the present term. Upon the calling of the case in its regular order at this term, a motion was again made for a further continuance, upon the ground that there had been no return

of the writ of certiorari, which had been issued upon the motion made at the last term. The Court refused to grant a further delay of the cause, and thereupon it was submitted to the Court upon the record, and without argument from either side.

It being admitted by the application of the appellant that the record contains no evidence of a final judgment having been rendered in the cause, and this Court having no jurisdiction of a case *at law* until after final judgment, we are constrained to dismiss the appeal with costs. Dawkins vs. Carroll, 5 Fla. R., 407; McKinnon vs. McCollum, 6 Fla. R., 376.

We embrace this occasion to remark upon a matter of practice which does not seem to be fully understood by some of the members of the bar. We allude to applications on the part of *appellants* for writs of certiorari to bring up portions of the record from the Court below, which may have been omitted through accident or negligence. The writ of certiorari, however appropriate when invoked by the appellee, presents an anomaly in the case of the appellant. It is not only his right to *demand* of the clerk below a full record of his case, but it is his duty to see that there are no omissions or imperfections in it before he causes it to be filed in the Supreme Court. If through inadvertance an omission should be discovered after the record has been filed, he may, on his own motion, obtain a transcript of the omitted portion, properly certified, and apply to the Court to have it incorporated as a part of the record before the argument is opened. If, however, there be not sufficient time between the discovery of the omission and the calling of the cause in its order on the docket, his only remedy will be to move for time, which will or will not be granted at the discretion of the Court.

In the case at bar the appellant was indulged by a contin--

nance for the term, and he cannot reasonably complain that he is denied further indulgence. The appellee has rights which address themselves with equal force to our sense of justice.

It is ordered that the appeal taken in this case be dismissed with costs.